JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SURABI MENON, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary of the Department of Homeland Security (DHS); EMILIO T. GONZALEZ, Director of the U.S. Citizenship and Immigration Service, (USCIS); DONALD NEUFELD, Director of California Service Center of USCIS; ROBERT S. MUELLER, III, Director of Federal Bureau of Investigation (FBI), <br><br> Defendants. | No. C 08-0207 JSW |

**DECLARATION OF JANAKI RANGASWAMY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## Declaration of Janaki Rangaswamy

I, Janaki Rangaswamy, do hereby declare and state that:

1. I am employed by the United States Citizenship and Immigration Services (hereinafter "USCIS") as Supervisory Center Adjudications Officer ("SCAO"), at the California Service Center ("CSC") in Laguna Niguel, California. I have been employed as an SCAO since November 2005 and have been employed in other capacities by the agency since May 1992. I am currently the supervisor of the N-400 unit. That unit is responsible for overseeing the intake processing of N-400 Applications for Naturalization from initial receipt of the application by the CSC through the receipt of FBI name check clearance, whereupon the case is automatically placed in queue for scheduling of the naturalization interview by the USCIS district or field office where the applicant resides. During Fiscal Year 2007, the N-400 unit oversaw the initial receipt by CSC of 401,050 N-400 Applications for Naturalization and completed the intake processing on 227,165 N-400's.During Fiscal Year 2007, the N-400 section oversaw the initial receipt by CSC of 401,050 N-400 applications for Naturalization and the completion of intake processing on 227,165 N-400's.

2. I make this declaration based upon my personal knowledge and other information made known to me in the course of my official responsibilities in connection with this case.

3. When an alien applies to the USCIS for naturalization to United States citizenship, or to adjust his status, the USCIS conducts several security and background checks to insure that the alien is eligible for the benefit, and does not pose a risk to the national security or to the public safety. In addition to record checks of the alien applicant against the United States Department of Homeland Security's own immigration record(s) systems, these background checks include, but are not limited to (a) Federal Bureau of Investigation ("FBI") check(s) for criminal history records on the alien applicant; (b) a check against the DHS-managed Interagency Border Inspection System ("IBIS"), which contains records and "watch

list" information from more than twenty (20) federal agencies, and which includes, but is not limited to, information related to persons who are wanted or under investigation for serious crimes; unlawful activities, or suspected of terrorism-related activity; and (c) an FBI name check, which is run against FBI investigative databases containing information that is not necessarily revealed in the FBI's fingerprint check or in the IBIS check.

4. Congress has mandated that USCIS may not expend any funds to complete adjudication of an application for naturalization until the requisite background checks are complete. Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. L. 105-119, 111 Stat. 2440, 2448-49.

5. On occasion, these background checks have revealed significant derogatory information regarding alien applicants for immigration benefits, including applicants seeking adjustment of status to Lawful Permanent Residency and applicants for naturalization to United States citizenship, which has resulted in the alien being found ineligible for adjustment of status, naturalization, or other immigration benefits, and in the USCIS' denial of the benefits' application. In many instances, the disqualifying information relating to the alien applicant has been discovered as a result of the IBIS, FBI or other background check(s), but it has not been revealed by the fingerprint check alone.

6. If a background or security check reveals derogatory information on the alien (i.e. "a hit"), the USCIS works with other divisions within the DHS and/or other law enforcement and/or intelligence agencies, as necessary, to obtain all available information concerning the derogatory record.

7. Although an alien's immigration file may reflect that an FBI fingerprint check was conducted, these checks frequently do not reveal the types of derogatory information described above, particularly when it is not information that has resulted in an arrest or criminal conviction. For example, persons on a "watch list" who are suspected of engaging, or having engaged, in terrorist activity, will not necessarily be identified through an FBI fingerprint check,

but could be identified through an IBIS record check or an FBI name check of investigation databases.

8. The attached Fact Sheet explains the different types of checks that must be completed. (See Fact Sheet, dated April 25, 2006, a true and correct copy of which is attached hereto as Exhibit 1). In addition to record checks of the alien applicant against United States Department of Homeland Security's own immigration record(s) systems, these background checks include, but are not limited to (a) FBI fingerprint check for criminal history records on the alien applicant; (b) a check against the DHS-managed Interagency Border Inspection System (IBIS). The IBIS system contains records and information from more than 20 federal law enforcement and intelligence agencies including the Central Intelligence Agency (CIA), FBI and other divisions of the U.S. Department of Justice, the Department of State, DHS Customs and Border Protection (CBP) and other DHS agencies; and (c) an FBI Name Check, which is run against FBI investigative databases containing information that is not necessarily revealed in the FBI's fingerprint check or IBIS check. The records maintained in the FBI name check process consist of administrative, applicant, criminal, personnel and other files compiled by law enforcement agencies.

9. All files on the background check shelf are audited regularly in order to identify those in which a response from the FBI has been received. This audit is conducted at least every week. In this manner the agency ensures that as FBI responses are received, files are expeditiously released for adjudication.

10. Although in the majority of FBI name checks no matches are found, some cases involve complex or highly sensitive information and cannot be resolved quickly.

11. Resolving name checks is a multi-agency effort with a central system that combines information from these various sources and databases to compile information regarding national security risks, public safety concerns, and other law enforcement concerns.

12. For most applicants, USCIS can quickly determine if there are criminal or security related issues in the applicant's background that affect eligibility for immigration

benefits. However, due both to the sheer volume of security checks USCIS conducts, and the fact that USCIS must await responses from the FBI or other relevant agencies that conduct some of the required security checks, some delays on individual applications are unavoidable and may be lengthy. Moreover, in some cases a background or security check will reveal that positive (derogatory) information on the subject alien is possessed by some agency other than USCIS without necessarily revealing the substance of that information. In such cases, USCIS works closely with the other law enforcement or intelligence agencies to obtain all available information concerning the positive result in order to properly evaluate its significance. Even where the FBI or a third agency has provided a final response, a case may still be considered pending where the response requires further investigation or review by USCIS or another agency. It is vitally important to thoroughly screen each applicant in order to resolve all concerns of a law enforcement or national security nature before determining that an individual is eligible for an immigration benefit.

13. USCIS reports the average processing times for specific applications and petitions on the USCIS website. This information reflects only average processing times on the date the information is published. Average processing times fluctuate widely and will sometimes even regress for a specific form type due to a number of factors, including a reallocation of agency resources, reordering of the agency's priorities, and other reasons. Additionally, not every application will require the same level of inquiry. Some may require a more detailed level of review and or investigation from either the USCIS or other agencies for a number of reasons ranging from the alien's eligibility for the benefit sought to national security concerns. Accordingly, even when it appears that the adjudication of a particular application is outside the average processing time, this does not establish that the delay is unreasonable or even due to factors within the control of USCIS.

14. The FBI has an established procedure of processing FBI Name Check requests from USCIS chronologically based on the date the request is forwarded. It is important to note that whenever a particular application or petition receives expedited processing and is moved up

in the queue, it is at the expense of those still unadjudicated petitions or applications that bear an earlier filing date. In addition, USCIS must pay an additional fee for expedited name checks.

15. USCIS has published criteria for requesting expedited name checks in individual cases based on compelling personal circumstances such as military deployment, severe illness or the like. Decisions to expedite are made on a case by case basis. There is no record in the administrative file that this alien has either requested an expedite or provided any evidence by which USCIS might determine that the case is a candidate for expedited name check processing.

16. I have reviewed the administrative file of the plaintiff, and thus am familiar with the facts and circumstances of the case.

17. Plaintiff Surabi MENON, A 48 080 345 is a 37 year old female, native and citizen of India. Plaintiff' entered the United States as an Immigrant (LPR) on September 19, 2001. On June 20, 2006, plaintiff filed an N-400 Application for Naturalization with the California Service Center. On June 30, 2006 a request for background security name check was submitted electronically to the Federal Bureau of Investigation. As of today's date, the name check for the plaintiff remains pending with the FBI.

18. In accordance with 8 C.F.R. § 335.2(b), in the absence of a "definitive response" from the FBI with regard to the name check request, the plaintiff may not be scheduled for a naturalization interview and the case remains in a holding status. During the pendency of this naturalization application, plaintiff retains all of the benefits of being a lawful permanent resident including the right to live and work in this country and to travel freely abroad.

1     19.     I hereby declare under penalty of perjury that the foregoing is true and correct.

3 Executed this \_\_\_\_3rd\_\_\_\_ day of \_\_\_\_March\_\_\_\_, 2008 at Laguna Niguel,

4 California.

*[signature]*

JANAKI RANGASWAMY
Supervisory Center Adjudications Officer
California Service Center

# ATTACHMENT A



*Press Office*
U.S. Department of Homeland Security

U.S. Citizenship
and Immigration
Services

# Fact Sheet

## Immigration Security Checks—How and Why the Process Works

**Background**

All applicants for a U.S. immigration benefit are subject to criminal and national security background checks to ensure they are eligible for that benefit. U.S. Citizenship and Immigration Services (USCIS), the Federal agency that oversees immigration benefits, performs checks on every applicant, regardless of ethnicity, national origin or religion.

Since 2002, USCIS has increased the number and scope of relevant background checks, processing millions of security checks without incident. However, in some cases, USCIS customers and immigrant advocates have expressed frustration over delays in processing applications, noting that individual customers have waited a year or longer for the completion of their adjudication pending the outcome of security checks. While the percentage of applicants who find their cases delayed by pending background checks is relatively small, USCIS recognizes that for those affected individuals, the additional delay and uncertainty can cause great anxiety. Although USCIS cannot guarantee the prompt resolution of every case, we can assure the public that applicants are not singled out based on race, ethnicity, religion, or national origin.

USCIS strives to balance the need for timely, fair and accurate service with the need to ensure a high level of integrity in the decision-making process. This fact sheet outlines the framework of the immigration security check process, explaining its necessity, as well as factors contributing to delays in resolving pending cases.

**Why USCIS Conducts Security Checks**

USCIS conducts security checks for all cases involving a petition or application for an immigration service or benefit. This is done both to enhance national security and ensure the integrity of the immigration process. USCIS is responsible for ensuring that our immigration system is not used as a vehicle to harm our nation or its citizens by screening out people who seek immigration benefits improperly or fraudulently. These security checks have yielded information about applicants involved in violent crimes, sex crimes, crimes against children, drug trafficking and individuals with known links to terrorism. These investigations require time, resources, and patience and USCIS recognizes that the process is slower for some customers than they would like. Because of that, USCIS is working closely with the FBI and other agencies to speed the background check process. However, USCIS will never grant an immigration service or benefit before the required security checks are completed regardless of how long those checks take.

**How Immigration Security Checks Work**

To ensure that immigration benefits are given only to eligible applicants, USCIS adopted background security check procedures that address a wide range of possible risk factors. Different kinds of applications undergo different levels of scrutiny. USCIS normally uses the following three background check mechanisms but maintains the authority to conduct other background investigations as necessary:

- **The Interagency Border Inspection System (IBIS) Name Check**— IBIS is a multiagency effort with a central system that combines information from multiple agencies, databases and system interfaces to compile data relating to national security risks, public safety issues and other law enforcement concerns. USCIS can quickly check information from these multiple government agencies to determine if the information in the system affects the adjudication of the case. Results of an IBIS check are usually available immediately. In some cases, information found during an IBIS check will require further investigation. The IBIS check is not deemed completed until all eligibility issues arising from the initial system response are resolved.

- **FBI Fingerprint Check**—FBI fingerprint checks are conducted for many applications. The FBI fingerprint check provides information relating to criminal background within the United States. Generally, the FBI forwards responses to USCIS within 24-48 hours. If there is a record match, the FBI forwards an electronic copy of the criminal history (RAP sheet) to USCIS. At that point, a USCIS adjudicator reviews the information to determine what effect it may have on eligibility for the benefit. Although the vast majority of inquiries yield no record or match, about 10 percent do uncover criminal history (including immigration violations). In cases involving arrests or charges without disposition, USCIS requires the applicant to provide court certified evidence of the disposition. Customers with prior arrests should provide complete information and certified disposition records at the time of filing to avoid adjudication delays or denial resulting from misrepresentation about criminal history. Even expunged or vacated convictions must be reported for immigration purposes.

- **FBI Name Checks**—FBI name checks are also required for many applications. The FBI name check is totally different from the FBI fingerprint check. The records maintained in the FBI name check process consist of administrative, applicant, criminal, personnel and other files compiled by law enforcement. Initial responses to this check generally take about two weeks. In about 80 percent of the cases, no match is found. Of the remaining 20 percent, most are resolved within six months. Less than one percent of cases subject to an FBI name check remain pending longer than six months. Some of these cases involve complex, highly sensitive information and cannot be resolved quickly. Even after FBI has provided an initial response to USCIS concerning a match, the name check is not complete until full information is obtained and eligibility issues arising from it are resolved.

For most applicants, the process outlined above allows USCIS to quickly determine if there are criminal or security related issues in the applicant's background that affect eligibility for immigration benefits. Most cases proceed forward without incident. However, due to both the sheer volume of security checks USCIS conducts, and the need to ensure that each applicant is thoroughly screened, some delays on individual applications are inevitable. Background checks may still be considered pending when either the FBI or relevant agency has not provided the final response to the background check or when the FBI or agency has provided a response, but the response requires further investigation or review by the agency or USCIS. Resolving pending cases is time-consuming and labor-intensive; some cases legitimately take months or even

**Immigration Security Checks—How and Why the Process Works**

---

several years to resolve. Every USCIS District Office performs regular reviews of the pending caseload to determine when cases have cleared and are ready to be decided. USCIS does not share information about the records match or the nature or status of any investigation with applicants or their representatives.

# ATTACHMENT B

*Office of Communications*
**U.S. Department of Homeland Security**



**U.S. Citizenship and Immigration Services**

February 20, 2007

# USCIS Update

### USCIS CLARIFIES CRITERIA TO EXPEDITE FBI NAME CHECK
*Federal Litigation Removed as Sole Basis to Expedite Check*

WASHINGTON – U.S. Citizenship and Immigration Services (USCIS) is no longer routinely requesting the FBI to expedite a name check when the only reason for the request is that a mandamus (or other federal court petition) is filed in the case.

USCIS may continue to request an expedited FBI name check if the case meets one of the other approved criteria, including:

1. Military deployment,
2. Age-out cases not covered under the *Child Status Protection Act*, and applications affected by sunset provisions such as diversity visas,
3. Significant and compelling reasons, such as critical medical conditions, and
4. Loss of social security benefits or other subsistence at the discretion of the USCIS District Director.

The FBI name check is an invaluable part of the security screening process, ensuring that our immigration system is not used as a vehicle to harm our nation or its citizens. USCIS also requests an FBI name check to screen out people who seek immigration benefits improperly or fraudulently and ensure that only eligible applicants receive benefits.

Information about the FBI name check is available on the USCIS website at http://www.uscis.gov or by calling the USCIS National Customer Service Center toll free at 1-800-375-5283.

–USCIS–

On March 1, 2003, U.S Citizenship and Immigration Services became one of three legacy INS components to join the U.S. Department of Homeland Security. USCIS is charged with fundamentally transforming and improving the delivery of immigration and citizenship services, while enhancing our nation's security.